*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* CARSON, Minors.

UNPUBLISHED
May 11, 2026
9:50 AM

No. 376157
Wayne Circuit Court
Family Division
LC No. 2025-000389-NA

Before: BAZZI, P.J., and BOONSTRA and SWARTZLE, JJ.

PER CURIAM.

Respondent appeals as of right an order removing her children, JDC, BJC, JCC, and JXC, from her care and custody. We dismiss this appeal as moot.

The trial court removed the children from respondent's care after a continued preliminary hearing. However, BJC, JCC, and JXC were returned to respondent's care while this appeal was pending, and JDC turned 18 years old after the trial court removed her from respondent's care and custody.

"Whether a case is moot is a threshold question that we address before reaching the substantive issues of a case." *Gleason v Kincaid*, 323 Mich App 308, 314; 917 NW2d 685 (2018). "An issue is moot when a subsequent event makes it impossible for this Court to grant relief." *Id*. The mootness doctrine is subject to several exceptions. Generally, "[w]here a court's adverse judgment may have collateral legal consequences for a party, the issue is not necessarily moot." *In re Detmer/Beaudry*, 321 Mich App 49, 56; 910 NW2d 318 (2017) (quotation marks, citation, and alteration omitted). Another exception to the mootness doctrine exists "[w]hen a case presents an issue of public significance, and disputes involving the issue are likely to recur, yet evade judicial review . . . ." *Id*. In those cases, "it is appropriate to reach the merits of the issue even when the case is otherwise moot." *Id*.

In the present case, the issue raised on appeal is moot. BJC, JCC, and JXC were returned to respondent's care while this appeal was pending, and JDC turned 18 years old after the trial court removed her from respondent's care and custody. Thus, we cannot provide respondent with her requested remedy. We see no applicable exception to the mootness doctrine to address the

-1-

merits of this appeal, and respondent has provided none, despite having an opportunity to do so. See *In re Carson Minors*, unpublished order of the Court of Appeals, entered February 17, 2026 (Docket No. 376157) (inviting the parties to submit supplemental briefing on the issue of mootness). Therefore, we dismiss this appeal as moot.

Dismissed.

/s/ Mariam S. Bazzi
/s/ Mark T. Boonstra
/s/ Brock A. Swartzle